STATE of Missouri, Respondent,

v.

Willie COLE, Appellant.

No. 59037.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 7, 1992.

Lew A. Kollias, Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudy R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Willie Cole, appeals from his jury trial convictions in the Circuit Court of St. Louis County of robbery in the first degree, RSMo § 569.020 (1986) and armed criminal action, RSMo § 571.015 (1986), for which he was sentenced to consecutive sentences of twenty and twenty-five years respectively. We affirm.

In the early evening of July 8, 1988, Michael Sheehan and Darryl Rothermich were working in the Color Tile store on Halls Ferry Road in St. Louis County. At approximately 5:00 p.m., appellant, holding a gun and wearing a plastic Schnucks grocery bag over his head, jumped out from behind a display and ordered the two men on the ground. Appellant then ordered the two men to "crawl on your bellies to the bathroom."

Appellant then attempted to open the cash drawer, but was unable to do so. Appellant ordered one of the men to open the drawer and then ordered the man back to the bathroom. Appellant took $240.00 from the drawer and fled. A plastic Schnucks bag was found behind the cash drawer with appellant's fingerprints on it.

Based on this evidence and descriptions from Mr. Sheehan and Mr. Rothermich, the police arrested appellant. After waiving his *Miranda* rights, appellant was interviewed by Detective Edward Vitt and Sergeant David Ventimiglia. Upon questioning, appellant first told the officers that he had lent his gun and a plastic Schnucks bag to a friend. Appellant later stated to Detective Vitt that he would tell the detective how he had committed the robbery if Detective Vitt would get him a low bond. Appellant also told Detective Vitt that he would not have robbed the store without a mask because he believed himself to be easily identifiable.

On July 29, 1989, appellant was charged by indictment with robbery in the first degree and armed criminal action. The cause proceeded to trial on July 24, 1990. On July 26, 1990, the jury returned its verdict of guilty on both charges and recommended sentences of twenty years on the first degree robbery charge and twenty-five years on the armed criminal action charge. On September 13, 1990, the circuit court sentenced appellant as per the jury's recommendation and ordered that the sentences be run consecutively. This appeal followed.

Appellant first contends that the trial court erred in sustaining the State's motion in limine to prevent appellant's trial counsel from arguing an adverse inference from the State's failure to call Sergeant Ventimiglia as a witness. We disagree.

The general rule is that an unfavorable inference may be drawn by a defendant for failure of the State to call as its witness one who was available and who might reasonably be expected to give testimony in its favor. *State v. Wallach,* 389 S.W.2d 7, 13 (Mo.1965); *see also State v. Chambers,* 714 S.W.2d 527, 532 (Mo. banc 1986); *State v. Lansford,* 594 S.W.2d 617, 622 (Mo. banc 1980). This rule has the limitation, however, that unfavorable inferences may not be drawn from the failure to produce a witness whose testimony would be merely corroborative of, or cumulative

to, testimony of another witness. *Lansford*, 594 S.W.2d at 622. "The State has no obligation to call all witnesses known to it, and this is true even though the prosecution may have endorsed the name of the person in question upon the information as a potential witness." *State v. McClain*, 531 S.W.2d 40, 45 (Mo.App., K.C.D.1975). Appellant has not provided this court with any claim that the State made an effort to hide anything from appellant by not calling Sergeant Ventimiglia, nor does appellant contend that Sergeant Ventimiglia's testimony would have been anything less than cumulative to that of Detective Vitt's. We find no abuse of discretion in the trial court's refusal to allow defendant to make this argument.

■ Appellant next contends that the trial court erred in giving an instruction defining "reasonable doubt" as proof that leaves the juror "firmly convinced" of the appellant's guilt. This argument has been made innumerable times to Missouri courts and has been rejected each time. As we find no jurisprudential purpose would be served by further addressing this argument, we dispose of this point pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.