**Hardy C. BIVENS, Appellant,**

v.

**Michael GROOSE, Appellee.**

**No. 93–2835.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1994.
Decided June 27, 1994.

David H. Bailey, St. Peters, MO, argued, for appellant.

Stephen Hawke, Jefferson City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

BOWMAN, Circuit Judge.

Hardy C. Bivens appeals the District Court's[1] denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. We affirm.

## I.

In 1979, Bivens, then a high school student, murdered Susan Hawkins by shooting her in the head seven times. He also shot Janice Thompson (his girlfriend) twice, once in the face, once in the shoulder. Bivens shot Thompson out of jealousy. He shot Hawkins because she was there.

In 1980, on the day his trial was scheduled to begin, Bivens pleaded guilty in a Missouri state court to the capital murder of Hawkins and the first-degree assault of Thompson. The court sentenced Bivens to life imprisonment without the possibility of probation or parole for fifty years for the murder, plus ten years imprisonment for the assault, the terms to be served concurrently.

Thereafter, in 1981, Bivens filed a motion pursuant to Missouri Supreme Court Rule

---

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

27.26 for postconviction relief. At an evidentiary hearing before the Rule 27.26 court, Bivens testified that counsel informed him that, if he pleaded guilty, he would not receive the death penalty, but instead would be sentenced to a prison term of fifty years. He further testified that counsel advised him he would serve only twenty-eight of the fifty years, and that he would not have pleaded guilty but for this allegedly erroneous advice. Bivens's mother also testified that counsel told her son he would serve twenty-eight, not fifty, years.

Bivens's counsel, in contrast, testified that he had discussed with Bivens the fifty-year term. Counsel further testified that he explained to Bivens that the law was unclear as to whether the fifty-year term was actually a term of no less than fifty years, but that, if it was not, Bivens likely would serve approximately twenty-eight years. (The statute under which Bivens was sentenced, which was relatively new in 1980, provided for a minimum term of fifty years imprisonment.)

The Rule 27.26 court found that counsel had urged Bivens to plead guilty because counsel was convinced that, in light of the strength of the state's case (which included a tape recording of Bivens's confession and an eyewitness to his crimes), Bivens would be convicted of capital murder and sentenced to death. With regard to whether counsel had advised Bivens that Bivens would serve only twenty-eight years, the court found the testimony of Bivens and that of Bivens's mother to be unbelievable. Instead, the court chose to credit the testimony of counsel, that counsel fully had discussed with Bivens the implications of the guilty plea and had not told Bivens that he was certain to serve no more than twenty-eight years.

The Rule 27.26 court denied Bivens's motion. Bivens appealed, and the Missouri Court of Appeals affirmed the denial of relief. *Bivens v. State*, 639 S.W.2d 102 (Mo.Ct. App.1982).

Ten years later, in 1992, Bivens filed in the District Court a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He raised three grounds for relief. The District Court refused to grant relief on any of these grounds and denied Bivens's petition. The

only claim Bivens renews on appeal is that he was denied his Sixth Amendment right to effective assistance of counsel because counsel provided erroneous advice regarding the amount of time Bivens would be required to serve should he plead guilty to the capital murder charge.

## II.

■ The standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), governs whether assistance provided by counsel during the plea process is constitutionally ineffective. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). Under the *Strickland* standard,

[t]o establish that his trial counsel was constitutionally ineffective, a habeas petitioner must show that his counsel's performance was deficient and that he was prejudiced by this deficiency. Counsel's representation was deficient if it fell below an objective standard of reasonableness, and the petitioner was prejudiced by this deficiency if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Flieger v. Delo*, 16 F.3d 878, 885–86 (8th Cir.1994) (internal quotation marks and citations omitted).

The Rule 27.26 court made several factual findings relevant to the issue of whether Bivens's counsel was constitutionally ineffective. Specifically, the court found that counsel fully had discussed with Bivens the implications of a guilty plea and that counsel had not told Bivens that he would serve only twenty-eight years were he to plead guilty.

■ For purposes of federal habeas review of state-court criminal proceedings, a state court's factual findings are presumed to be correct, *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981), so long as they are fairly supported by the record, 28 U.S.C. § 2254(d)(8).

■ Bivens argues that we should not accord the Rule 27.26 court's factual findings the § 2254 presumption of correctness be-

cause the court's findings are not fairly supported by the record. He argues that the court should have credited the testimony of Bivens and his mother, and that it did not explain why it did not. Such an argument falls far short of the showing that would be necessary before we could conclude that a state court's credibility determinations are not entitled to the presumption of correctness because they are not fairly supported by the record. After reviewing the record, we conclude that the Rule 27.26 court's finding that counsel did not tell Bivens that he was certain to be eligible for parole in twenty-eight years is entitled to the presumption of correctness and thus is binding on this Court.

Because counsel did not misinform Bivens as to the consequences of the guilty plea, there was no attorney error that would establish a violation of the *Strickland* standard. Accordingly, counsel was not constitutionally ineffective, and Bivens is not entitled to habeas relief.

### III.

For the reasons stated above, we affirm the District Court's denial of Bivens's petition for a writ of habeas corpus.