**J. BLAIR–BEY, suing as James L. Blair, Appellant,**

v.

**Crispus C. NIX, Appellee.**

**No. 94–1990.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1994.

Decided Jan. 18, 1995.

---

1. The HONORABLE GEORGE F. GUNN, Jr., United States District Judge for the Eastern District of Missouri.

712

John P. Messina, Des Moines, IA, argued, for appellant.

Thomas D. McGrane, Des Moines, IA, argued (Bonnie J. Campbell and Thomas D. McGrane, on the brief), for appellees.

Before BEAM, Circuit Judge, FRIEDMAN, Senior Circuit Judge * and JOHN R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

Blair–Bey was convicted of first-degree murder and theft. In this habeas corpus action he alleges insufficient evidence and ineffective assistance of counsel. The district court found that the evidence was sufficient and that Blair–Bey's trial counsel made reasonable efforts to locate two missing witnesses. We affirm.

---

* The HONORABLE DANIEL M. FRIEDMAN, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

## I. BACKGROUND

Blair was convicted of first-degree murder and theft in Iowa state court. His conviction was affirmed on appeal and he was later denied post-conviction relief. *See State v. Blair*, 347 N.W.2d 416 (Iowa 1984) (appeal); *Blair v. State*, 492 N.W.2d 220 (Iowa Ct.App. 1992) (post-conviction relief action).

The evidence at trial showed that the victim, Aaron Goolsby, was found bound and stabbed to death in his apartment on February 13, 1982. Because a considerable amount of time had elapsed between the time of his demise and the time his body was found, the moment of death could not be determined with certainty. The medical examiner estimated that death occurred between February 1, 1982, and February 11, 1982. At the time he was found, Goolsby's car was missing. Blair–Bey and his wife were later apprehended in Goolsby's vehicle near Sonora, Texas.

Blair–Bey and his wife were seen leaving a Des Moines hospital with Goolsby at approximately 5:00 p.m. on February 4, 1982. Blair–Bey and his wife later told police that they had never met Goolsby. Blair–Bey's wife's fingerprints were found in Goolsby's apartment, although both Blair–Bey and his wife denied they had ever been there.

At trial, Blair–Bey employed an alibi defense. He claimed that he was in Oklahoma City at the time of Goolsby's death. Telephone records confirmed that Blair–Bey was in Oklahoma City on February 5, 1982, at 2:45 p.m. The evidence at trial established that it takes ten hours to drive from Des Moines to Oklahoma City. Thus, between the time Goolsby was seen with Blair–Bey and the time Blair–Bey would have been en route to Oklahoma City, there was an approximate twelve-hour window of time in which the crime could have been committed.

Before the trial, Blair–Bey informed his counsel that two witnesses, Rhodes and Whitney, could support his alibi defense. Counsel made two trips to Kansas City, but was unable to locate the two individuals.

The evidence suggests that the two men were hiding.[1]

## II. DISCUSSION

█ State court findings of fact are presumed correct in habeas corpus cases unless the findings are not fairly supported on the record as a whole. 28 U.S.C. § 2254(d)(8); *Bainter v. Trickey,* 932 F.2d 713, 715–16 (8th Cir.1991). In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). When faced with evidence that allows conflicting inferences, we must presume that the jury resolved such conflicts in the state's favor. *Id.* at 326, 99 S.Ct. at 2793. Moreover, a state appellate decision on sufficiency of the evidence is afforded deference. *Id.* at 323, 99 S.Ct. at 2791.

█ Applying that standard here, we agree with the Iowa courts that sufficient evidence supports the jury's verdict in this case. *See State v. Blair,* 347 N.W.2d at 422; *Blair v. State,* 492 N.W.2d at 225. Because Goolsby's hands and feet were bound, the jury could have inferred premeditation. Blair–Bey and his wife were the last persons seen with Goolsby, and were later found with his car. They denied knowing Goolsby and gave false information and conflicting statements to police. Even if the jury had credited the alibi defense, the evidence supports a finding that the murder occurred during the twelve-hour period for which Blair–Bey did not have an alibi. Under the circumstances, we find ample evidence to support the verdict.

█ To show ineffective assistance of counsel, petitioner must first show that counsel's performance was deficient; he must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Next, he must show that he has been prejudiced by counsel's deficient performance. *Id.* at 687, 104 S.Ct. at 2064. We do not set aside a conviction or sentence solely because the outcome would have been different but for counsel's errors. *Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 843, 122 L.Ed.2d 180 (1993). Rather, the focus is on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Id.* at ——, 113 S.Ct. at 844.

█ Under these standards, we find that Blair–Bey failed to establish ineffective assistance of counsel. Counsel's failure to locate the two witnesses was understandable because the witnesses did not want to be found. We decline to impose a duty on criminal defense attorneys to hire private investigators to locate recalcitrant witnesses. Further, Blair–Bey has not shown that the witnesses' testimony, if believed, would have been significantly beneficial to his case. Also, because both witnesses were criminals and were friends of Blair–Bey, the jury could have discredited, in whole or in part, their testimony.

## III. CONCLUSION

We find that Blair–Bey's conviction is supported by sufficient evidence and he received effective assistance of counsel. Accordingly, we affirm the judgment of the district court.

---

1. Rhodes was apparently hiding because he was accused of murder and has since been convicted.