STATE of Minnesota, Respondent,

v.

Spencer (NMN) ROBINSON, Appellant.

No. C2–94–1189.

Supreme Court of Minnesota.

Aug. 18, 1995.

Review Denied Nov. 15, 1995.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Spencer Robinson, Stillwater, pro se.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

## OPINION

TOMLJANOVICH, Justice.

Defendant was found guilty of first-degree felony murder by a district court jury and was sentenced to a mandatory term of life in prison. On this appeal from judgment of conviction, he seeks an outright reversal of his conviction on the ground that the evidence was insufficient. Alternatively, he argues that the trial resulting in his conviction was unfair and that therefore he should be given a new trial. Specifically, he argues, *inter alia*, that the trial court prejudicially erred in excluding other-crime evidence offered by the defense and in its instructions on self defense. We reject these contentions, as well as other contentions made by defendant in his pro se supplemental brief.

1. No useful purpose would be served by summarizing the evidence in great detail. There was conflicting evidence relating to the events surrounding the killing. Defendant and some companions from Detroit came to Minneapolis for the purpose of selling crack cocaine. The state's evidence indicated that defendant's confederates sold

drugs from the front porch of a residence of a woman whom defendant and his confederates met shortly after their arrival in Minneapolis. Defendant apparently became angry when he learned that the woman subsequently had allowed other men to sell drugs out of her residence. According to the woman, defendant entered her residence, ordered the victim, a friend of hers named Karl Boswell, to remove his pants, then suddenly and without provocation pointed a .45 caliber semiautomatic pistol at Boswell's head and fired it at close range, killing him. Defendant then hurriedly fled the state. Defendant's version, on the other hand, was that Boswell had displayed a gun and tried to rob him, that he had wrestled with Boswell for the gun in self defense, and that the gun had discharged accidentally, killing Boswell.

■ We reject defendant's request in his pro se supplemental brief that we weigh the evidence, as a kind of 13th juror, and grant him relief on the ground the verdict of guilty was against the weight of the evidence. Viewing the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence supporting the jury's determination that, beyond a reasonable doubt, defendant intentionally killed the victim in the course of committing a felony.

2. In its brief on defendant's behalf, the state public defender argues that the trial court prejudicially erred (a) in excluding so-called "reverse *Spreigl*" evidence [1] and (b) in its instructions on self defense. Defendant in his pro se supplemental brief makes other allegations of trial error.

(a) Apparently in support of his testimony that Boswell tried to rob him, defendant sought permission to present evidence of a 12–year–old conviction for purse snatching by Boswell from a woman at a bus stop and evidence of a prior conviction for assault of an 18–month–old child. For a discussion of some of the basic principles governing the admission of evidence offered by an accused of the bad character of the victim, *see State v. Bland,* 337 N.W.2d 378, 382–84 (1983). In this case the defense sought permission pursuant to Minn.R.Evid. 404(b) to present evidence of prior criminal acts of the victim for the purpose of supporting defendant's testimony that the victim was trying to rob him and that the killing occurred accidentally as defendant tried to wrestle the gun from the victim.

■ Evidence of prior crimes by the victim may be admitted pursuant to Minn. R.Evid. 404(b), provided that the prerequisites to admission of other-crime evidence pursuant to the rule are met. *See Bland, supra.* The trial court ought to rely on the same basic admissibility analysis that it engages in when it is the state that is offering the evidence. One difference is that Sixth Amendment concerns (right to confront one's accuser and right to present evidence) enter into the picture when it is the defendant who is seeking to present the evidence.

The general approach we have taken with respect to admission of other-crime evidence pursuant to the rule is to require, among other things, that the other crime is relevant, that is, is sufficiently similar to the charged crime in terms of time, place or modus operandi. *State v. Frisinger,* 484 N.W.2d 27, 31 (Minn.1992). *See also State v. Wermerskirchen,* 497 N.W.2d 235 (Minn.1993) [2] In this case, there was an objective basis for the trial court to conclude that there was insufficient similarity between either of the prior crimes committed by the victim and the attempted robbery of defendant by the victim alleged by defendant in his testimony. Accordingly, the trial court did not abuse its discretion in excluding the evidence.

■ (b) The state public defender also argues that the trial court erred in giving CRIMJIG 7.05 [3] instead of the more general

---

1. In Minnesota, evidence of other crimes, wrongs or acts sought to be admitted under Minn. R.Evid. 404(b) is collectively referred to as *Spreigl* evidence, labeled as such for a landmark case addressing the admissibility of such evidence, *State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965).

2. For a summary of the substantive and procedural requirements for the admission of other-crime evidence pursuant to the rule, *see State v. Bolte,* 530 N.W.2d 191 (Minn.1995).

3. CRIMJIG 7.05 reads as follows:
   SELF DEFENSE—CAUSING DEATH

CRIMJIG 7.06[4] Defendant argues that CRIMJIG 7.05 was an inappropriate instruction, given defendant's testimony that he killed the victim accidentally while defending himself against an attempted robbery by the victim, and that the trial court either should have modified the instruction to fit the circumstances of the case or should have been given CRIMJIG 7.06. What we said recently in our published order in *State v. Marquardt*, 496 N.W.2d 806 (Minn.1993), applies equally to defendant's contention:

> [T]rial courts must use analytical precision in drafting instructions on self-defense and should modify CRIMJIG 7.05 if necessary or give the more general 7.06. *See, e.g., State v. Sanders*, 376 N.W.2d 196, 201 (Minn.1985), and *State v. Edwards*, 343 N.W.2d 269, 277 (Minn.1984). Petitioner's trial attorney did not object to the giving of CRIMJIG 7.05 or request that it be modified or that the more general CRIMJIG 7.06 be given. Nonetheless, we would grant petitioner a new trial if we believed that petitioner was prejudiced as a result of the giving of CRIMJIG 7.05. *State v. Malaski*, 330 N.W.2d 447 (Minn.1983). Here, the record fails to support the argument that the giving of the potentially misleading instruction prejudiced petitioner.

We are satisfied that the jury in this case understood that it should acquit defendant if it believed that defendant acted reasonably and killed the victim accidentally while defending himself against an attempted robbery by the victim. *State v. Edwards*, 343 N.W.2d 269, 277 (Minn.1984); *State v. Malaski*, 330 N.W.2d 447 (Minn.1983).

(c) Defendant in his pro se supplemental brief advances other arguments in support of his contention that he was denied a fair trial. None of these arguments merits discussion.

Affirmed.

---

No crime is committed when a person takes the life of another person, even intentionally
(1) if defendant's action is taken in resisting or preventing an offense which defendant reasonably believes exposes defendant (or another) to death or great bodily harm.
(2) if defendant's action is taken in preventing the commission of the felony of __ in defendant's place of abode.
In order for a killing to be justified for (this) (these) reason(s) three conditions must be met. First, the killing must have been done in the belief that it was necessary to avert death or great bodily harm. Second, the judgment of defendant as to the gravity of the peril to which (he) (she) (or another) was exposed must have been reasonable under the circumstances. Third, defendant's election to defend must have been such as a reasonable person would have made in light of the danger perceived and the existence of any alternative way of avoiding the peril. All three conditions must be met, but the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.

4. CRIMJIG 7.06 reads as follows:
SELF DEFENSE—DEATH NOT THE RESULT

Defendant is not guilty of a crime, if defendant used reasonable force against __ to resist (or to aid __ in resisting) an offense against the person, and such an offense was being committed or defendant reasonably believed that it was.
It is lawful for a person who is being assaulted and who has reasonable grounds to believe that bodily injury is about to be inflicted upon the person, to defend from such attack, and in doing so the person may use all force and means which the person believes to be reasonably necessary and which would appear to a reasonable person, in similar circumstances to be necessary to prevent the injury which appears to be imminent.
The kind and degree of force which a person may lawfully use in self-defense is limited by what a reasonable person in the same situation would believe to be necessary. Any use of force beyond that is regarded by the law as excessive.
The state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.
(The rule of self-defense does not authorize one to seek revenge or to take into his own hands the punishment of an offender.)