_____

No. 95-4007
_____

Jessie Masterson, suing as        *
Jessie Daniel Masterson,          *
                                  *
        Appellant,                *
                                  *   Appeal from the United States
    v.                            *   District Court for the
                                  *   Southern District of Iowa.
State of Iowa; Iowa State         *        [UNPUBLISHED]
Penitentiary; Thomas Hundley,     *
Warden,                           *
                                  *
        Appellees.                *

_____

            Submitted:  December 6, 1996

               Filed:  December 12, 1996
            _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
            _____

PER CURIAM.

     In 1982, a jury found Jessie Daniel Masterson guilty of first-
degree murder, he was sentenced to life imprisonment, and the Iowa
Supreme Court affirmed on direct appeal. State v. Masterson, No.
68237 (Iowa Dec. 22, 1982) (unpublished per curiam).  State
postconviction relief was denied. Masterson v. State, No. 89-1446
(Iowa Ct. App. Nov. 29, 1990) (unpublished per curiam).  Masterson
now appeals the district court's[1] order dismissing his 28 U.S.C.
§ 2254 petition.  We affirm.

     At trial, Masterson admitted causing the death of the victim,

_____

[1]The Honorable Harold D. Vietor, United States District
Judge for the Southern District of Iowa, adopting the report and
recommendation of the Honorable Celeste F. Bremer, United States
Magistrate Judge for the Southern District of Iowa.

but presented evidence that he was incapable of forming the specific intent required for a first-degree murder conviction because he was a chronic alcoholic who had been drinking continuously for five days. In this habeas petition, Masterson claimed, as relevant to this appeal, (1) that his trial counsel performed deficiently by failing to object to the State's rebuttal witness, a psychiatrist who had previously examined Masterson and was called to testify without prior notice concerning Masterson's ability to form the requisite intent and who, by his own admission, was not an expert on alcoholism; and (2) that the evidence was insufficient.

We conclude that Masterson did not establish that his trial counsel performed deficiently by failing to object to the testimony of the State's rebuttal witness on the basis of surprise, as it is undisputed that Masterson and his trial counsel knew of the witness in question and were aware of his opinions. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (ineffective-assistance standard). Nor did the lack of notice deny Masterson due process. Cf. Wardius v. Oregon, 412 U.S. 470, 475 (1973) (due process forbade enforcement of Oregon's notice-of-alibi rule against petitioner in absence of reciprocal requirement that State reveal its rebuttal witnesses). We further conclude that trial counsel did not perform deficiently by failing to object to the expert witness's testimony on the ground that he was not qualified. Under Iowa law, the general rule is one of liberality in the admission of opinion evidence, State v. Hummell, 228 N.W.2d 77, 82 (Iowa 1975), and "opinion evidence should be received if it will aid the factfinder and is based on special training, experience or knowledge with respect to an issue in controversy." State v. Moses, 320 N.W.2d 581, 587 (Iowa 1982). The psychiatrist could testify as an expert in his given field. See Ganrud v. Smith, 206 N.W.2d 311, 315 (Iowa 1973). He was thus qualified to testify concerning Masterson's mental state, although defense counsel properly attempted to discredit his testimony on cross-examination

because he was not an expert on alcoholism.

We also reject Masterson's challenge to the sufficiency of the evidence.  We conclude that a rational jury could have found beyond a reasonable doubt he acted with premeditation, deliberation, and specific intent to kill.  See Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995) (standard of review); Iowa Code §§ 707.1 (murder defined), 707.2(1) (first-degree murder defined); State v. Hall, 214 N.W.2d 205, 210-11 (Iowa 1974) (willful use of deadly weapon with opportunity to deliberate is evidence of malice, deliberation, premeditation, and intent to kill).  Although there was considerable testimony to the contrary, the jury was entitled to reject that testimony and believe the State's rebuttal witness's opinion that Masterson was capable of forming the specific intent to kill.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-