# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3143

_____

Spencer Robinson,                          *
                                           *
                    Appellant,             *
                                           *   Appeal from the United States
        v.                                 *   District Court for the
                                           *   District of Minnesota.
Gothriel LaFleur,                          *
                                           *
                    Appellee.              *

_____

Submitted:  June 14, 2000

Filed:  September 13, 2000

_____

Before MURPHY, HEANEY and MAGILL, Circuit Judges.

_____

HEANEY, Circuit Judge.

Spencer Robinson appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief.  We affirm.

## I. BACKGROUND

In April 1994, Robinson was convicted following a jury trial in Minnesota state court of first degree felony murder. Briefly, the testimony at trial revealed the following.

In September 1993, Robinson and a few friends traveled from Detroit to Minneapolis to sell crack cocaine. Shortly after arriving, he met Lisa Minter and Vanessa Tree. In exchange for cocaine, Minter allowed Robinson and his friends to sell cocaine out of her apartment that night. At some point, however, Minter asked Robinson and his friends to leave. Robinson became angry, and struck Minter before leaving.

Robinson and a friend returned to Minter's apartment the following day. The events that followed were disputed at trial. According to Robinson, Tree answered the door with Minter's friend Karl Boswell, who had been hiding behind the door. Boswell put a pistol to his head, asked him who he was, and pat-searched him. Boswell then told Robinson to get on the floor and take off his pants and shoes. Next, Robinson's friend rushed in to take the gun from Boswell, and in the ensuing struggle, the gun went off. Robinson grabbed the gun and left the apartment, not noticing that Boswell had been shot.

According to Minter, however, she had been smoking crack with Tree and Boswell when Robinson and a friend knocked on their the door. When Tree answered, Robinson and his friend began slapping Boswell around, asking him where the money was. Robinson then ordered Boswell to remove his pants and shoes. As Boswell was removing his shoes, Robinson took out a pistol, put it to Boswell's head, and shot him.

The jury acquitted Robinson of premeditated murder, but convicted him of first degree felony murder, the underlying felony being robbery. The Minnesota Supreme Court affirmed Robinson's conviction. See State v. Robinson, 536 N.W.2d 1 (Minn. 1995).

In July 1995, Robinson was interviewed by Jeffrey Ward, his codefendant's attorney, at the Minnesota Correctional Facility at Oak Park Heights. During the interview, Robinson complained that the state had not offered him a plea bargain. Approximately six weeks later, however, Ward learned that the state had communicated an offer to Robinson's attorney, A. Demetrius Clemons, seeking a guilty plea to second degree murder.

Robinson filed a petition for postconviction relief, claiming his trial attorney had been ineffective for failing to communicate the plea offer to him, and the postconviction court ordered an evidentiary hearing. Clemons testified that he discussed two plea offers with Robinson, one made prior to trial, and a second made in Robinson's presence at the counsel table during jury selection. Robinson had rejected the offers, however, because he would not accept a deal that included prison time.

The prosecutors also testified that they had extended two plea offers to Robinson, one prior to trial and one during the trial. They confirmed that Clemons had informed them that his client would not accept an offer that required prison time.

At the evidentiary hearing, Robinson also presented evidence that Clemons had twice been subject to professional discipline, and that both proceedings had involved, inter alia, Clemons' failure to communicate with clients. The postconviction court nevertheless found that Clemons had communicated the plea offers to Robinson, who rejected them.

Robinson filed his § 2254 petition in September 1998, claiming (1) counsel was ineffective for failing to communicate plea offers, properly investigate powder burns on Robinson's hands, properly cross-examine the medical examiner, present evidence regarding the victim, or adequately object to the admission of Robinson's post-arrest statements; (2) the evidence at trial was insufficient to convict him; and (3) his due process rights were violated by the trial court's exclusion of certain evidence and erroneous instructions to the jury. The magistrate recommended that the petition be denied. The district court, after de novo review, adopted the magistrate's report and recommendation.

## II. DISCUSSION

We have jurisdiction over this appeal in accordance with 28 U.S.C. § 1291. We review the district court's conclusions of law de novo and its factual findings for clear error. See Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999). We presume the state court's factual findings to be correct; Robinson has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. §2254(e)(1); Culkin v. Purkett, 45 F.3d 1229, 1232 (8th Cir. 1995).

In order to prevail on his ineffective assistance claim, Robinson must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). Further, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Robinson argues he successfully rebutted by clear and convincing evidence the state court's factual finding that Clemons communicated the plea offers to him. He contends the postconviction court's findings are incomplete because they fail to resolve

the conflict between Clemons' testimony and that of the prosecutors, or to address Clemons' history of professional discipline. We disagree. The presumed correctness of a state court's credibility determinations does not require the court to give a detailed explanation for those determinations. See Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994). Moreover, Clemons' past discipline does not constitute clear and convincing evidence that the state court's credibility determination was erroneous.[1]

With regard to Robinson's other ineffective-assistance arguments, we agree with the district court that, even assuming for the sake of argument that counsel's performance fell below constitutional standards, Robinson failed to show how he was prejudiced by counsel's alleged shortcomings. Given the eyewitness testimony, which was bolstered by police accounts of the scene upon their arrival, we cannot say that our confidence in the outcome of Robinson's trial has been undermined.

The district court also properly rejected Robinson's challenge to the constitutional sufficiency of the evidence against him. In a § 2254 habeas proceeding, we must examine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Blair-Bey v. Nix, 44 F.3d 711, 713 (8th Cir. 1995) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Robinson notes that the state's case relied primarily upon Minter's testimony, which he contends was neither believable nor trustworthy. However, in reviewing the sufficiency of the evidence, we are not permitted to conduct our own inquiry into witness credibility; that is a task reserved to the jury. See United States v. Anderson, 78 F.3d 420, 422-23 (8th Cir. 1996).

---

[1]Although Robinson cites court orders disciplining Clemons, neither those orders nor Robinson's brief provides any factual context for the actions taken against counsel. In the absence of a showing of some factual similarity, the evidence of Clemons' past misdeeds can hardly be termed clear or convincing.

Robinson's claim of evidentiary error is similarly unavailing. The trial court prohibited Robinson from introducing evidence of Boswell's prior convictions for theft and assault in connection with incidents involving purse-snatching and hitting an eighteen-month-old infant, respectively. We agree with the state courts that these convictions did not bear any significant similarity to the conduct of which Robinson accused Boswell, and therefore had minimal probative value, if any. We therefore conclude the exclusion of the evidence did not constitute a denial of due process. See Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) (state court's evidentiary rulings warrant federal habeas relief under due process clause only when error was so conspicuously prejudicial or of such magnitude as to fatally infect trial and deprive defendant of due process).

Finally, Robinson's challenge to the state court's jury instructions is without merit. Jury instructions involve questions of state law, and Robinson has the burden of showing that the instructions used constituted a fundamental defect that resulted in a miscarriage of justice. See Louisell v. Director of Iowa Dept. of Corrections, 178 F.3d 1019, 1022 (8th Cir. 1999) ("Habeas corpus relief may be granted only when an erroneous jury instruction constituted a fundamental defect that resulted in a complete miscarriage of justice, or an omission inconsistent with rudimentary demands of a fair trial." (internal quotations omitted)). Notwithstanding his failure to object at trial, Robinson argues that the trial court's self-defense instruction, predicated on an intentional act, did not reflect the defense he advanced at trial, which posited an accidental shooting in the course of self-defense.

We disagree. As the district court recognized, the jury was clearly instructed regarding the element of intent. Had the jury credited Robinson's account that Boswell's death was accidental, the instructions would not have permitted them to find Robinson guilty of first-degree felony murder. Accordingly, we conclude that any error in the state court's jury instructions falls short of a fundamental defect warranting habeas relief.

## III.  CONCLUSION

Based on the foregoing discussion we affirm the denial of Robinson's petition for habeas corpus relief.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.