# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2207EM

_____

Willie Cole-Bey,                          *
                                          *
              Appellant,                   *      On Appeal from the United
                                          *      States District Court
      v.                                  *      for the Eastern District
                                          *      of Missouri.
Larry Rowley, and Jeremiah H. (Jay)       *
Nixon, Attorney General,                  *      [Not To Be Published]
                                          *
              Appellees.                   *


_____

Submitted:  September 14, 2001
Filed:   September 24, 2001

_____

Before  WOLLMAN, Chief Judge,  RICHARD S.  ARNOLD  and  RILEY, Circuit
      Judges.

_____

PER CURIAM.

      Willie Cole-Bey, a Missouri inmate, appeals from the District Court's[1] denial of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254.  Petitioner was convicted by a jury of first-degree robbery and armed criminal action, and sentenced to consecutive terms of 20 and 25 years imprisonment, respectively.  The one issue certified for appeal is that the District Court erred in concluding that due process was

_____

[1]The Hon. Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

not violated by the trial court's granting the State's motion in limine to prevent petitioner's counsel from arguing to the jury that there was an adverse inference from the State's failure to call a certain witness. We affirm.

Petitioner was arrested for an armed robbery of a store in which the perpetrator held a gun and had a plastic bag over his head. He waived his Miranda rights and was interviewed by two police officers, whom he told that he had lent his gun and a plastic bag to a friend. Petitioner later stated to one of the officers that he would tell him how he committed the robbery if the officer would get him a low bond. He also told this officer that he would not have robbed the store without a mask because he believed himself to be easily identifiable. Only this officer was called by the State as a witness. The other officer, who was present only during the initial interview, Sergeant David Ventimiglia, was not called. The trial court granted the State's motion in limine to prevent petitioner from arguing to the jury that it could infer from the State's failure to call Sergeant Ventimiglia as a witness that his testimony would be harmful to the State.

On direct appeal, the Missouri Court of Appeals rejected petitioner's claim that this evidentiary ruling was an abuse of the trial court's discretion. State v. Cole, 821 S.W.2d 129, 130 (Mo. App. 1992). On habeas review, the District Court found that the trial court's ruling did not infringe on a constitutional right and was not so prejudicial as to amount to a denial of due process. We agree.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), limits a federal court's review of a state prisoner's § 2254 habeas petition, as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Penry v. Johnson, 121 S. Ct. 1910, 1918 (2001); Williams v. Taylor, 529 U.S. 362, 405-06 (2000). We review the District Court's conclusions of law de novo. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).

"A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996), cert. denied, 520 U.S. 1171 (1997); see also Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000). The evidentiary ruling complained of here falls far short of reaching such a level, if indeed it was erroneous at all. As the District Court noted, petitioner has provided no support for his allegation that Sergeant Ventimiglia would have refuted the other police officer's testimony, or would have testified in a way that was detrimental to the State's case. We therefore conclude that petitioner has failed to demonstrate that the state courts' rulings were contrary to, or an unreasonable application of, Supreme Court precedent.

Accordingly, we affirm.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.