**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Anthony K. JACKSON,
Defendant-Appellant.**

No. 52619.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 25, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 23, 1987.

Application to Transfer Denied
Nov. 17, 1987.

Holly Simons, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SIMEONE, Senior Judge.

I

This is an appeal from a judgment entered by the circuit court of the City of St. Louis sentencing defendant-appellant, Anthony K. Jackson for second degree burglary, § 569.170 R.S.Mo.1986 and stealing more than $150, § 570.030 R.S.Mo.1986. Appellant was sentenced as a persistent offender to 15 years on each count, the sentences to run consecutively. Sections 558.016, 557.036.4, R.S.Mo. 1986. We affirm.

Jackson was convicted of burglarizing Goodman's House of Fashions located in the City of St. Louis on March 17, 1986, and stealing merchandise valued at $1,325. The sole point raised by appellant on appeal is whether the trial court erred in admit-

ting into evidence Exhibit No. 16, a fourteen-inch screwdriver Officer Harvey Colvin confiscated from Jackson's automobile subsequent to the burglary. Appellant contends that the trial court erred in allowing the state to introduce the screwdriver into evidence, because the screwdriver "was not sufficiently identified" as belonging to appellant and in any event was irrelevant because it was "not identified by any competent testimony" as being used in the burglary.

We also perceive that the appellant is implicitly contending that there was an insufficient chain of custody to authorize the admissibility of the screwdriver and a photograph thereof.

At trial, the jury could reasonably find the following:

While on patrol duty at approximately 2:47 a.m. on March 17, 1986, Officer Donald Smith heard a burglar alarm. The officer proceeded to investigate and determined that the alarm was sounding from Goodman's clothing store in St. Louis. When Smith arrived at the scene, he observed an individual outside the store's front entrance. The individual walked slowly away and Smith radioed his description. A white Chevrolet automobile was parked at the curb in front of the clothing store and Officer Smith observed clothing protruding from the open trunk of the automobile. The lights were on inside the store. Officer Smith later identified appellant as inside the store. Appellant was seen carrying clothing. Appellant exited the building and placed the clothing in the trunk of the automobile. He did not close the trunk lid. Appellant entered a white Chevrolet on the driver's side, looked at Officer Smith, and immediately drove away from the curb.

Officer Smith followed appellant, broadcast a description of the automobile and advised the dispatcher that he was in pursuit. Two additional patrol cars intercepted the pursuit ahead of Officer Smith's patrol car. The trunk remained open during the pursuit. Mechanical problems caused the car to stop. Officer Harvey Colvin arrived as appellant alighted from

his automobile and appellant attempted to run. Appellant fell to the street and Officer Colvin arrested him. A fourteen inch screwdriver and pair of binoculars were found on the front seat and seized by Officer Colvin. The items of clothing were seized from the open trunk and photographed by the police. The clothing, which had a wholesale value of $1,324.25, was returned to the owner after identification.

The police seized the clothing worn by appellant at the time of his arrest. The crime laboratory recovered a small paint chip from appellant's pants. An analysis revealed that the paint chip had a common origin with samples taken from the door at the Goodman store.

Appellant testified that he and his girlfriend had attended a concert at the Fox Theater that evening. They were given a ride by Joseph Ballard. After dropping off appellant's girlfriend, Joseph Ballard was driving north on Fourteenth Street when appellant noticed that a police car was following them. At that point, Mr. Ballard jumped from the car and appellant slid over and began driving the car. When the police officers activated their light and sirens, appellant stopped the car, got out, and was placed under arrest. Appellant denied any knowledge of the burglary.

At trial, during the testimony of Officer Smith, the screwdriver was admitted, over objection, and a photograph of the screwdriver was introduced without objection.

Officer Colvin and Officer Donald Smith, who were also present when appellant was apprehended at his car, both identified the screwdriver as that which was removed from appellant's car when he was arrested. However, the screwdriver had no identification mark which would indicate that it was the one seized from appellant's car.

Officer John Sengheiser, an evidence technician, testified. He has been an evidence technician for 16 years, and has processed thousands of crime scenes. He "processed" the scene of the burglary of Goodman's, which included collecting paint chips from the front door of Goodman's, dusting for fingerprints, and photographing the area. Officer Sengheiser testified

that the front door of Goodman's store was the likely means of entry and that the door appeared to have been opened and marked and damaged with a "large screwdriver."

## II

We affirm for the following reasons. Appellant challenges the relevancy of the evidence. Generally speaking, evidence is relevant if it tends to prove or disprove a fact in issue, or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Walden*, 490 S.W.2d 391, 393 (Mo.App.1973), *State v. Tevis*, 340 S.W.2d 415, 420 (Mo.App.1960).

First, contrary to appellant's assertion that the screwdriver was not sufficiently identified, Officer Colvin identified Exhibit No. 16 as the screwdriver with a blue plastic handle he seized from appellant's car at the time appellant was arrested. In conjunction with this, Colvin also identified Exhibit No. 15, a photograph taken by Sengheiser, as depicting the screwdriver lying on the front seat of appellant's automobile. Colvin stated it was lying like that at the time of the arrest. This identification was sufficient because the significant factor in this case is the use of the screwdriver in the burglary. The condition of the screwdriver is irrelevant. *State v. Hanson*, 587 S.W.2d 895 (Mo.App.1979), *State v. Coleman*, 441 S.W.2d 46, 51 (Mo. 1969). As stated in *Coleman*, supra, a witness's identification of the object is sufficient to permit its introduction into evidence. The requirement of proof of a chain of custody is not applicable when the object is identified. As the court stated in *State v. Malone*, 694 S.W.2d 723, 726 (Mo. banc 1985), any weakness in identification due to a failure to "mark" evidence goes to the weight of the evidence, and is for the jury to consider.

Appellant relies on *State v. Scott*, 647 S.W.2d 601 (Mo.App.1983). That case is of no aid to appellant, because in *Scott* the evidence in question was an object containing fingerprints and it was crucial that it be in the same condition as when the fingerprints were taken. *Id.* at 607–08.

Second, appellant argues that the screwdriver was not identified by "any competent testimony" or connected with the burglary of Goodman's, challenging Sengheiser's testimony that the door of Goodman's appeared to be damaged by a large screwdriver. This claim is without merit. Sengheiser has been "processing" crime scenes as an evidence technician for sixteen years. Appellant points out that there was no evidence that Sengheiser had any "special training in tool mark analysis." However, such formal training is not necessary. It is well recognized that a witness may qualify as an expert although his knowledge is obtained via practical experience rather than formal study. *State v. Cutts*, 694 S.W.2d 804 (Mo.App.1985), *State v. Garrett*, 682 S.W.2d 153, 155 (Mo. App.1984). The test is whether the expert's knowledge will aid the trier of fact. *Cutts, supra*, 694 S.W.2d at 811. Given Sengheiser's many years of experience, his testimony could certainly have aided the jury and was properly admitted.

Our review in this case is limited to finding an abuse of discretion on the part of the trial court in the introduction of the real evidence. *State v. Malone*, 694 S.W.2d 723 (Mo.banc 1985). We find no such abuse here.

We have read the entire record, the briefs and authorities relied upon by the parties. We find no prejudicial error.

The judgment is affirmed.

SATZ, C.J., and CARL R. GAERTNER, J., concur.