**STATE of Missouri, Plaintiff-Respondent,**

v.

**Sidney MOORE, Defendant-Appellant.**

**No. 53806.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

Application to Transfer Denied Feb. 13, 1990.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his convictions by a jury of first degree robbery, § 569.020, RSMo 1986, and two counts of forgery, § 570.090.1(1), RSMo 1986; the court sentenced him, in accordance with the jury's assessments, to concurrent terms of ten years', six months', and six months' imprisonment respectively. We affirm.

Victim was on steps next to a bank in a shopping center late one morning when defendant approached her from behind and said, "I want your purse." She replied, "No." Defendant began pulling her and both fell down the steps. Victim sustained broken bones; defendant took the purse and ran. A bank employee, responding to victim's screams, pursued defendant to an adjacent parking lot where he succeeded in capturing one of defendant's shoes as defendant dove headfirst into the passenger window of a waiting car. The car sped away. A man sitting in a vehicle facing the car defendant dove into saw the foot chase and pursued the fleeing car. He succeeded in obtaining its Texas license plate number. Later that same day, by forged signature, several purchases were made with credit cards taken from victim's purse.

The next day the police located the car and arrested its two occupants. The driver owned the car; defendant was not in it. At line-ups, both the bank employee and the man who pursued the fleeing car identified defendant as the man who ran and car owner as the driver of the car which sped away. At trial, both identified defendant as the man who ran. The police found victim's purse in a trash can in car owner's house while looking for the mate to the captured shoe.

Car owner testified for the state. He identified defendant as the man who dove into his car in the parking lot and that after returning to the car defendant had victim's purse. Both he and defendant testified that defendant committed the credit card purchase forgeries for which he was convicted; defendant also confessed the forgeries to the police. When defendant tried on the captured shoe at trial, it fit.

Defendant's sole contention is that the trial court erred in failing to find a discriminatory purpose in the state's use of its peremptory strikes during jury selection.

Our review is limited to determining whether the trial court's finding of no discrimination is clearly erroneous—on review of the entire evidence before the court on the issue, are we left with a definite and firm conviction a mistake has been made. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987).

Under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 1722–23, 90 L.Ed.2d 69 (1986), a prima facie case of purposeful discrimination in the selection of a jury panel is established by a showing that the government's use of its peremptory challenges and any other relevant circumstances "raise an inference that the prosecutor ... exclude[d] ... veniremen from the petit jury on account of their race." The Missouri Supreme Court first considered the *Batson* standard in *Antwine*, and held the trial court must consider the prosecutor's explanation as part of the process of determining whether a defendant has established a prima facie case of racially discriminatory use of peremptory challenges. *Antwine*, 743 S.W.2d at 64. The state may rely on the prosecutor's legitimate "hunches" and experience so long as race is not the motive. *Id.* at 65.

Defendant was black and three of the twenty-seven members of the venire were blacks. The state used two of its six peremptory strikes to remove blacks. One black remained, number 10. He served on the jury.

Our Supreme Court, in *State v. Griffin*, 756 S.W.2d 475 (Mo. banc 1988), stated the following:

Three blacks remained on the venire after the prosecutor exercised his peremptory challenges. That three blacks who could have been peremptorily struck by the state were not so stricken undercuts any inference of impermissible discrimination. *See United States v. Dennis*, 804 F.2d 1208, 1211 (11th Cir.1986), *cert. denied*, 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987). The state is not required to adhere to a specific mathematical formula in the exercise of its peremptory challenges. *United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir.1987).

*Id.* at 482.

Here the venire was 11% (³/₂₇) blacks and the state used 33⅓% (²/₆) of its strikes to remove blacks. The state gave reasons for all of its strikes, albeit the reason it gave for striking venireman number one, a black, is unsupported by the record. The record reveals no hint of racial bias by the prosecutor in her voir dire of the venire. These circumstances are very similar to those in *State v. Elem*, 747 S.W.2d 772 (Mo.App.1988).[1] Here, as there, the circumstances fail to raise the necessary inference of racial discrimination. The trial court's ruling is not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

1. This case, as was *Elem*, was tried prior to our Supreme Court's decision in *Antwine*. Our Supreme Court, in *Griffin*, determined that *Antwine* applies prospectively only. *Griffin*, 756 S.W.2d at 482.