STATE of Missouri,
Plaintiff–Respondent,

v.

Wiley E. McCANERY,
Defendant–Appellant.

No. 54167.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 6, 1990.

Nadine V. Nunn, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

A jury convicted defendant of leaving the scene of an automobile accident and driving while intoxicated. The trial court sentenced him in accordance with the jury's assessment to a term of one month's imprisonment plus a fine for the leaving the scene charge and to a concurrent five month term for the D.W.I. charge. Defendant appeals; we affirm.

■ In his first point on appeal, defendant, a black man, contends that the trial court erred in denying his claim, based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that he was denied equal protection due to the state's use of peremptory strikes to remove persons of his race from the jury panel. The 34 person venire in this case included four black persons. The prosecutor used two of his seven peremptories to remove black persons; two remained on the panel and served as jurors. Here, as in *State v. Griffin*, 756 S.W.2d 475 (Mo. banc 1988), the fact that two black persons who could have been struck were not undercuts any inference of discrimination. *See id.* at 482. The trial court in this case nevertheless heard evidence as to the prosecutor's reasons for striking the two black persons. The court's conclusion that the prosecutor's reasons were race-neutral is not clearly erroneous.

■ Defendant's next point is that the court erred in overruling his motion for directed verdict at the close of the state's case. Because defendant chose to offer evidence in his behalf, he waived any error as to the denial of such a motion. *State v. Lehman*, 634 S.W.2d 542, 545 (Mo.App. 1982).

■ In his final two points, defendant contends the state failed to make a submissible case on either charge. Viewed in the light most favorable to the state, the evidence was as follows: On February 7, 1986, at approximately 9:15 p.m., a woman, while unloading groceries from her car, witnessed an automobile travelling east on Chamberlain in University City, at a rate considerably faster than the normal flow of traffic. The driver of the car, who the woman determined was black, attempted to make a right turn onto 66th Street, but instead hit a car parked on the east side of 66th. Another turn was attempted but this time the driver struck a different parked car on the west side of 66th. Only after again backing up and striking two more parked autos was the driver able to make the right turn. The woman noted the license number and description of the car involved in the collisions and notified a neighbor who she knew owned one of the autos which had been hit. The neighbor phoned the police.

A University City police officer responding to a radio report of the accident drove past the accident scene, observed the damage to the cars and proceeded approximately one-half block to the address corresponding to the driver's license plate number. As he approached, he observed defendant pull up to the curb in an auto matching the description of and having the same license plate number as the one described in the radio report. Defendant got out of the car. As the officer approached, he noticed that defendant was staggering and swaying and seemed disoriented. The officer also noticed alcohol on defendant's breath. Defendant admitted being intoxicated and having been in an accident. After he was arrested and read his Miranda rights, defendant consented to submit to a chemical breath analysis, the results of which showed defendant to have a blood alcohol content of .259. Paint from at least one of the parked cars matched that found on defendant's vehicle.

Defendant's only challenge to submissibility seems to be that the state failed to prove defendant was the driver of the car involved in the accident. The police officer's testimony that minutes after the accident he saw defendant get out of the auto

in question, when considered with the other evidence presented by the state, was sufficient for a rational jury to believe beyond a reasonable doubt that defendant was guilty of the charges.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.