STATE of Missouri, Respondent,

v.

Lamont BOUNDS, Appellant.

Lamont BOUNDS, Movant,

v.

STATE of Missouri, Respondent.

Nos. 59969, 61818.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 14, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Daniel P. Card, II, Diane L. McLean, Love, Lacks & Paule, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of murder in the first degree and armed criminal action and the sentence by the court as a prior offender of imprisonment for life without probation or parole to run consecutively with a sentence for fifteen years. Defendant also appeals the denial of his post-conviction Rule 29.15 motion. We affirm.

Defendant premises eight points of error on the direct appeal and two on the post-conviction motion appeal. His first challenge is to the sufficiency of the evidence to support the conviction. The victim was Keith Miller. Robert Jackson was a friend of Miller and in his presence at the time of the murder. Jackson had an "off and on relationship" with Cynthia Jones who was the mother of a child of his. At the time of the murder defendant was romantically involved with Cynthia Jones. Jackson recognized defendant from observing him in Jones' company. Jackson believed that defendant had made threatening phone calls to Jackson. A few days before the murder Jackson and a friend named Smith called

defendant to tell him to stop making the threatening phone calls. During this conversation defendant threatened to kill Jackson and Jackson's child. On the day of the murder Jackson and Miller went to Smith's home and again telephoned defendant. Defendant again threatened to kill Jackson. Miller and Jackson then went to Jackson's home and began repairing the stereo speakers in Jackson's automobile on a parking lot near Jackson's home. Smith testified and essentially corroborated Jackson's testimony concerning the telephone calls.

After Jackson and Miller had been working on the speakers for about fifteen minutes defendant appeared at the parking lot. Jackson observed defendant two feet away with his hands in his pockets. Jackson recognized defendant and ran. Miller ran in a different direction. As soon as Jackson began fleeing he heard shots. He ran some distance, not established in the record, and hid behind a truck for two to three minutes, returned to his home and then returned to the parking lot, where he found Miller dead. An employee of a nearby restaurant gave testimony essentially corroborative of Jackson but did not see who did the shooting nor did he identify defendant as being at the scene. Jackson identified defendant in a photo line-up later on the evening of the killing. Three cousins of Cynthia Jones testified that shortly after the murder Jones came to their home in possession of a revolver. Expert testimony identified the murder weapon as a revolver but the weapon itself was never found. While at her cousins' home Cynthia received a telephone call from defendant but her cousin refused to allow defendant to speak to Jones and hung up the phone. Jones then left the house with the gun.

The evidence was sufficient to support the verdict. It is true, as defendant contends, that no one saw him shoot Miller. We must accept as true all evidence and all reasonable inferences that support the verdict and disregard all contrary evidence and inferences. *State v. Harris*, 774 S.W.2d 487 (Mo.App.1989) [1]. In *State v. Grim*, 854 S.W.2d 403 (Mo. banc 1993), the court eliminated the circumstan-

tial evidence rule that heretofore applied to appellate review. The rule now is that if a jury is convinced beyond a reasonable doubt, so long as the evidence meets the minimal appellate standard required by due process, we need not disturb the result simply because the case depended wholly, mostly, or partially upon circumstantial evidence. (*Id.* at 5.) The minimal appellate standard required by due process is set forth in *State v. Dulany*, 781 S.W.2d 52 (Mo. banc 1989) [2, 3] as:

> In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

The evidence need not be conclusive of guilt, nor need it demonstrate the impossibility of innocence. *State v. Twenter*, 818 S.W.2d 628 (Mo. banc 1991) [1, 2]. The testimony of a single witness may be considered sufficient, even though the testimony may contain inconsistencies. Resolution of such inconsistencies is for the jury. *State v. Shaw*, 602 S.W.2d 17 (Mo.App. 1980) [4, 5]. *Id.*

The evidence here establishes that defendant was at the scene of the murder, that he and one of the persons at the scene held animus for each other, that as he approached Jackson he had his hands concealed in his pockets, that immediately after Jackson turned and began fleeing shots were fired, and that thereafter Miller was found dead from a gunshot wound to the chest. Defendant's paramour was in possession of a gun of the same general type used to kill Miller shortly after the murder. There is no evidence that anyone else was present on parking lot at the time. It is a reasonable inference from this evidence that defendant killed Miller. It is possible, of course, that somebody else could have done the killing but such an hypothesis is not reasonable. We find the cases cited by defendant to be distinguishable.

■ Defendant next contends that the trial court erred in allowing the state, on

cross-examination, to ask Cynthia Jones' mother whether she knew Cynthia had been indicted for tampering with physical evidence in this case. Jones' mother testified for the defense that Jackson had said to her that he did not know what defendant looked like and when she asked him how he could identify Jackson that he responded "Well if he didn't do it he got the case for it anyway." The state sought to show the witness' bias by establishing her awareness of the charges brought against her daughter arising from the same incident. Defendant attempts to invoke the collateral crimes rule. That doctrine applies only to crimes of the defendant for its purpose is to insure that the defendant is not convicted because of crimes committed by him other than the one on trial. *E.g. State v. Mallett*, 732 S.W.2d 527 (Mo. banc 1987) [4, 5]. The interest or bias of a witness is always relevant. *State v. Long*, 698 S.W.2d 898 (Mo.App.1985) [2–4]. The scope of evidence used to show such bias is within the broad discretion of the trial court. *Id.* We find no abuse of that discretion here.

■ Defendant next challenges the court's refusal to quash the indictment because of alleged unconstitutional deficiencies in the procedures by which the grand jury was summoned. Defendant was originally indicted but was tried on a substitute information. A defendant who is tried on a substitute information cannot complain of errors in the earlier grand jury indictment. *State v. Landers*, 841 S.W.2d 791 (Mo.App. 1992) [7]. Challenges to the petit jury selection identical to those raised here have been addressed by this court previously and found to be without merit. *Id.* at [8]; *State v. McDowell*, 832 S.W.2d 333 (Mo. App.1992) [4]. Defendant's related point concerning his request for recusal of the trial judge and an evidentiary hearing on the jury composition issue finds no evidentiary support.

Defendant next contends that the trial court erred in denying his *Batson v. Kentucky* [1] challenges to the prosecution's per-

---

1. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69     (1986).

emptory challenges. While the court's initial denial of defendant's motion was premised upon cases now no longer viable[2], it did hear the prosecutor's explanations for the strikes and found them to be race-neutral. That procedure sufficiently complies with *State v. Parker,* 836 S.W.2d 930 (Mo. banc 1992) [12]. Our review of the explanations convinces us that no abuse of the trial court's discretion occurred. The purported "similarly situated" white jurors were not in fact similarly situated. The point is denied.

Defendant next premises error on the restriction of cross-examination of Jackson. We find no restriction sufficient to prejudice defendant and find the trial court acted well within its discretion in regulating cross-examination. *State v. Edwards,* 637 S.W.2d 27 (Mo.1982) [4–8]; *State v. Hedrick,* 797 S.W.2d 823 (Mo.App.1990) [5]. The matters sought to be examined into were too attenuated to constitute relevant evidence.

 Defendant also contends the trial court committed plain error in allowing evidence of Cynthia Jones' possession of the revolver shortly after the murder. Evidence is relevant if it tends to prove or disprove a fact in issue, or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Jackson,* 738 S.W.2d 510 (Mo.App.1987) [1]. Before evidence can be excluded on the ground that it is irrelevant, it must appear so beyond doubt. *State v. Girardier,* 801 S.W.2d 793 (Mo.App.1991) [2–4]. Possession by defendant's paramour of a weapon of the type used in the offense, shortly after the murder can be reasonably considered as tending to prove that defendant had the gun and gave it to Cynthia. We find no plain error.

Finally, on his direct appeal, defendant challenges the reasonable doubt instruction. That challenge has been consistently found wanting. It is again. *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991) [7].

We have reviewed defendant's two contentions raised concerning denial of his post-conviction motion. We find no error in the rulings of the trial court. Discussion of them would have no precedential value. We affirm the rulings of the court below pursuant to Rule 84.16(b).

Judgments affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.

---

**2.** *State v. McCanery,* 784 S.W.2d 813 (Mo.App. 1990) [1]; *State v. Moore,* 782 S.W.2d 698 (Mo. App.1989); *State v. Crump,* 747 S.W.2d 193 (Mo. App.1988) [6].