# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1181

_____

| | |
|---|---|
| Terrance David Burkhalter, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| United States of America, | * |
| | * |
| Appellee. | * |

_____

Submitted: November 16, 1999

Filed: February 17, 2000

_____

Before WOLLMAN, Chief Judge, LAY, and BOWMAN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Terrance David Burkhalter appeals from the district court's[1] denial of his 28 U.S.C. § 2255 petition to correct, set aside, or vacate his sentence. We affirm.

On January 29, 1997, Burkhalter pleaded guilty, pursuant to a plea agreement, to one count of possessing cocaine base, or crack cocaine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In the plea agreement,

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Burkhalter stipulated that the controlled substance that he possessed both on the date of his arrest and on an earlier occasion that the court considered to be relevant conduct was "cocaine base ('crack cocaine')." Also, during the colloquy accompanying his plea acceptance, Burkhalter admitted that these substances were crack cocaine and conceded that he did not doubt that the government could bring in a witness to testify to this fact. Burkhalter's attorney, however, did not demand that the government produce such a witness, nor did he demand that it otherwise confirm the identity of the substances as crack cocaine. The court then applied the provisions of U.S.S.G. § 2D1.1(c) that relate to crack cocaine and sentenced Burkhalter to 151 months' imprisonment and five years' supervised release. Burkhalter did not take a direct appeal.

Burkhalter filed his section 2255 petition on April 27, 1998, alleging that he was denied due process and effective assistance of counsel. After denying Burkhalter's petition, the district court granted a certificate of appealability on the issue of whether Burkhalter was denied the effective assistance of counsel when his attorney failed to require the government to prove that the controlled substances that formed the basis of his sentence were crack cocaine. Although the government asserts that Burkhalter has waived his right to appeal and also that his claim is procedurally barred, we choose to avoid these more complex issues because we believe that Burkhalter's claim is easily resolved on the merits. See Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc), cert. denied, 120 S.Ct. 120 (1999) ("[J]udicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.").

Claims of ineffective assistance of counsel are governed by the two-part test set forth in Strickland v. Washington. See 466 U.S. 668, 687 (1984). Under Strickland, a defendant claiming ineffective assistance of counsel must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. See id.; Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998).

Under the deficient performance inquiry of Strickland, we consider whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." See Fields v. United States, No. 98-3025, slip op. at 4 (8th Cir. Jan. 12, 2000) (quoting Strickland, 466 U.S. at 688). We presume that counsel acted reasonably, and we grant much deference to counsel's performance. See Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). In this case, Burkhalter repeatedly admitted in both his plea agreement and during the colloquy before the court that he was in possession of crack cocaine at the time he was arrested and on a separate relevant occasion. Burkhalter also acknowledged during the colloquy that the government had submitted for laboratory testing the substances seized on those occasions, that they were found to be crack cocaine, and that the government could undoubtedly establish this fact. Finally, in his interview with the officer who prepared his presentence investigation report, Burkhalter reiterated that the substances at issue were in fact crack cocaine.

In light of these repeated and unequivocal statements by Burkhalter regarding the nature of the substances at issue, we cannot say that it was unreasonable for counsel to accept his client's admission that these substances were crack cocaine. See Strickland, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."); Lingar v. Bowersox, 176 F.3d 453, 461 (8th Cir. 1999). This is particularly true considering counsel's knowledge of Burkhalter's admitted history of using and selling crack cocaine, and the resulting familiarity with crack cocaine that such activity fosters. See United States v. Marsalla, 164 F.3d 1178, 1179-80 (8th Cir. 1999); United States v. Brown, 156 F.3d 813, 816 (8th Cir. 1998) ("[A]mong the most knowledgeable experts on crack are those who regularly smoke it or sell it."). Counsel therefore had no reason to question the accuracy of Burkhalter's statements regarding the nature of the substances at issue. Burkhalter was admittedly experienced in handling crack cocaine and had repeatedly stated that the narcotics that he possessed on the two relevant

occasions were crack cocaine. Accordingly, counsel's failure to force the government to further prove the identity of these substances did not constitute deficient performance under the Strickland test.

In so holding, we reject Burkhalter's assertion that because admissions resembling his have been found to be insufficient to bring into play the enhanced sentencing provisions applicable to crack cocaine, it was unreasonable for counsel to rely on his admissions. Burkhalter relies upon two cases in which the court held that a defendant's admission to possessing "cocaine base" does not by itself make section 2D1.1(c)'s sentencing enhancements applicable because Note D of that subsection provides that only the cocaine base known as "crack," which is just one type of cocaine base, is subject to enhanced sentencing. See United States v. Adams, 125 F.3d 586, 590-92 (7th Cir. 1997); United States v. James, 78 F.3d 851, 855-58 (3rd. Cir. 1996). What gave those courts pause, and what ultimately caused them to require additional proof regarding the substance at issue, was the possibility that the defendants did not actually possess crack cocaine but rather some other subset of cocaine base that, unlike crack cocaine, was not subject to sentence enhancement. See Adams, 125 F.3d at 592; James, 78 F.3d at 858. In this case, however, Burkhalter consistently stated that the substances that he possessed on the two relevant occasions were crack cocaine, the very subset of cocaine base that is subject to an enhanced sentence under section 2D1.1(c). Therefore, it was reasonable for counsel to conclude that Burkhalter's admissions made applicable the sentencing enhancements of section 2D1.1(c). See United States v. Kang, 143 F.3d 379, 380 (8th Cir. 1998) (finding defendant's admission to possessing "crack" sufficient to make applicable sentencing enhancements of section 2D1.1(c)).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.