# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2227
No. 00-2406

_____

| | | |
|---|---|---|
| Hassan Latif Khaalid, also known as Marvel Jones, | * * * | |
| Appellant, | * * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael Bowersox, Supt., Potosi Correctional Center; Dora B. Schriro, Director of the Missouri Department of Corrections; Jeremiah Nixon, Attorney General of the State of Missouri, | * * * * * * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 17, 2001

Filed: August 14, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and BARNES,[1] District Judge.

_____

WOLLMAN, Chief Judge.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, sitting by designation.

Hassan Latif Khaalid appeals from the district court's[2] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

## I.

In April of 1993, Khaalid was convicted by a Missouri jury of first-degree murder and armed criminal action. He received a sentence of life imprisonment without the possibility of probation or parole on the murder conviction and a consecutive thirty-year term of imprisonment for the armed criminal action conviction. A person commits the crime of first-degree murder under Missouri law "if he knowingly causes the death of another person after deliberation upon the matter." Mo. Rev. Stat. § 565.020.1 (1999). "'Deliberation' means cool reflection for any length of time no matter how brief." Id. at § 565.002(3) (emphasis omitted).

Khaalid was charged with these offenses as a result of his attempt to kill a rival drug dealer, Felton "Stretch" Granger. During the early morning hours of June 7, 1991, Granger pistol-whipped and shot at Khaalid for allegedly "disrespecting" one of Granger's customers. After the pistol-whipping, Khaalid departed from the area and slept for a few hours. Various witnesses testified that later that day Khaalid and a companion asked others if they had bullets for sale. One witness testified that the two explained that they were going to "pop" Granger. At about 9:30 that evening, Khaalid walked to a bush near Granger's home. Children were playing with fireworks nearby, and nine-year-old Christopher Harris was on Granger's front steps. Khaalid saw Granger sitting on his front porch and, as Granger stood, fired two shots at him. Harris, whom Granger used as a shield, was struck by one of the bullets intended for Granger and died from the resulting wound.

---

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Before trial, Khaalid was examined by psychologist Dr. Pat Fleming, who chronicled his history, administered various psychological tests, and concluded that Khaalid suffers from attention deficit hyperactivity disorder and developmental receptive language disorder. Dr. Fleming concluded that Khaalid would not be able "to process information well during periods of stress" and that "[h]is impulsivity, inability to quickly process all of the factors, could trigger an impulsive defensive reaction." The trial court admitted this evidence during the penalty phase of the trial, but excluded it from the guilt phase notwithstanding defense counsel's contention that Khaalid had a right to present the testimony as part of his defense of diminished capacity based upon his claimed lack of capacity for cool reflection.

In ruling on Khaalid's appeals from his conviction and from the denial of his motion for post-conviction relief, the Missouri Court of Appeals found that Khaalid had failed to preserve his claim of error concerning Dr. Fleming's testimony and went on to deny the claim on its merits. State v. Jones, 919 S.W.2d 12, 15 (Mo. Ct. App. 1996). After noting that "[e]vidence that a defendant suffered from a mental defect is admissible in a criminal proceeding to determine that the defendant did or did not have a state of mind which is an element of the offense," the court concluded that because Khaalid's claimed lack of capacity, as diagnosed by Dr. Fleming, did not rise to the level of a mental defect, Dr. Fleming's testimony was properly excluded. Id.

Khaalid subsequently filed a federal habeas petition in January of 1997, alleging a number of claims as a basis for relief. In denying both the petition for habeas corpus and a certificate of appealability, the district court concluded that the claim relating to the exclusion of Dr. Fleming's testimony was procedurally barred. We granted a certificate of appealability limited to whether petitioner's claim that the exclusion of Dr. Fleming's testimony denied him the constitutional right to present a defense, to due process, and to a fair trial was procedurally barred from our review, and, if not, whether the claim has merit.

We review the district court's findings of fact for clear error and its conclusions of law de novo. Richardson v. Bowersox, 188 F.3d 973, 977 (8th Cir. 1999). In this case, we decline to address the complexities of the procedural bar issue because we believe that Khaalid's claim is easily resolved on the merits. See Burkhalter v. United States, 203 F.3d 1096, 1097 (8th Cir. 2000). We may affirm the district court's decision on any ground supported in the record. Ahmed v. United States, 147 F.3d 791, 796 n.5 (8th Cir. 1998).

## II.

Federal courts may issue a writ of habeas corpus pursuant to section 2254 only if the adjudication of the claims on the merits by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d) (2000). Khaalid argues that the decision of the Missouri Court of Appeals is contrary to federal constitutional law that holds that he has a right to present a defense.

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (citation omitted). The Constitution does not, however, guarantee that criminal defendants may call every witness they choose. United States v. Scheffer, 523 U.S. 303, 308 (1998). An accused "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410 (1988). "[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." Scheffer, 523 U.S. at 308. "Such rules do not abridge an accused's

right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" Id. (citation omitted).

Khaalid argues that although a showing of a mental disease or defect is necessary under Missouri law for a determination that an accused is not responsible for his criminal conduct, see Mo. Rev. Stat. § 552.030.1, such a showing is not required to establish the defense of diminished capacity or partial responsibility. Khaalid contends that because Dr. Fleming's testimony was admissible to show his diminished capacity and thus to establish a defense, the exclusion of her testimony violated his constitutional right to present a defense and rebut the State's evidence of deliberation. We disagree.

Under Missouri law, a "defense of diminished capacity because the accused is incapable of forming the mental element necessary to commit a crime is necessarily based on evidence of a mental disease or defect as defined in § 552.010." State v. Erwin, 848 S.W.2d 476, 480 (Mo. 1993) (en banc); see State v. Copeland, 928 S.W.2d 828, 837 (Mo. 1996) (en banc) ("If the evidence was not being offered as expert testimony diagnosing defendant to have a mental disease or defect excluding responsibility for committing one or more elements of the crime, including absence of the appropriate culpable mental state, it is inadmissible under chapter 552."); Mo. Rev. Stat. § 552.015.2(8). "Where expert testimony is not offered as a diagnosis of mental disease or defect showing a defendant was incapable of having a specific mental state, the opinion is merely a conclusion that can be drawn by a juror." Erwin, 848 S.W.2d at 480. We have reviewed the cases cited by Khaalid and conclude that their holdings are consistent with the statutory requirement and Missouri case law. See, e.g., State v. Strubberg, 616 S.W.2d 809, 812-13 & n.2 (Mo. 1981) (en banc) (diminished capacity defense available; psychiatrist testified that defendant suffered from a mental defect). Because Dr. Fleming's testimony did not include a determination that Khaalid

suffers from a mental disease or defect as defined by Missouri law, it was properly excluded, and thus Khaalid's claim fails.

Khaalid's post-argument motion for remand is denied.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.