# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1849

_____

David Flores,                              *
                                           *
            Appellant,                     *    Appeal from the United States
                                           *    District Court for the Southern
      v.                                   *    District of Iowa.
                                           *
Mark Lund,                                 *        [UNPUBLISHED]
                                           *
            Appellee.                      *

_____

Submitted:   December 9, 2002

Filed:   December 16, 2002

_____

Before McMILLIAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

David Flores was convicted of first-degree murder, attempted murder, and terrorism for the shooting death of Phyllis Davis in Des Moines, Iowa. Davis unwittingly drove in the middle of a rolling gunfight between the person(s) in a black Chevrolet Blazer and others in a brown Oldsmobile Cutlass. Flores was circumstantially identified as the driver of the Blazer, although eyewitnesses to the event identified the driver of the Blazer as a black man, and Flores is Latino. No eyewitness identified Flores as the driver of the Blazer. The State introduced circumstantial evidence that Flores drove a black Blazer with distinctive gold grillework; a black Blazer with a gold grill was seen at the shooting location just

before the shooting, and the Blazer was seen driving in the direction of Flores's house just after the event. Spent .22 shell casings were found near the shooting, and a .22 round was recovered from Davis's body. Police found live ammunition similar to the spent casings and a spent round plus separate casing enclosed in a plastic bag in Flores's home. A ballistics expert testified that the firing pin markings on a bullet retrieved from the scene of the shooting matched the markings on the bullet found in the plastic bag at Flores's home. The expert further testified that there was a "higher degree of probability" that the same gun fired the bullet in the plastic bag and the bullet found in Davis's body. The State introduced letters by Flores complaining about the death of a friend, apparently caused by one of the persons in the Oldsmobile the night of the gunfight, providing motive for the gunfight. The State also introduced evidence of conflicting statements about the shooting made by Flores's common-law wife, Tina McGarey.

Flores appealed his conviction, challenging the admission of Tina's statements, ineffectiveness of counsel in failing to renew objections to Tina's statements, and the sufficiency of the evidence. The Iowa Court of Appeals affirmed, State v. Flores, No. 97-733 (Iowa Ct. App. Sept. 30, 1998), and the Iowa Supreme Court declined further review. Flores then petitioned the district court for habeas relief. The district court[*] denied Flores's petition, but granted a certificate of appealability on four issues: whether admission of Tina's statements violated Flores's right to be confronted by his accuser; whether admission of Tina's statements violated Flores's due process rights; whether counsel was ineffective for failing to object to the admission of Tina's statements; and whether the evidence was sufficient to support the conviction under the Due Process Clause.

---

[*]The Honorable Ross A. Walters, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties under 28 U.S.C. § 636(c).

Our review of Flores's appeal is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002). We grant habeas relief only if the decision of the Iowa Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court decision is 'contrary to' clearly established federal law if the rule applied by the state court directly contradicts Supreme Court precedent or if the state court has reached a result opposite to a result reached by the Supreme Court on 'materially indistinguishable' facts." Johnston, 288 F.3d at 1051 (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring)). If the state court judgment is not unreasonable, even if the judgment is mistaken in our view, we may not grant habeas relief. Id. In reviewing the state court judgment, we apply the ordinary standards, reviewing findings of fact for clear error, and questions of law or mixed questions of law and fact de novo. Id.

The testimony Flores objects to concerns two out-of-court statements made by Tina McGarey to her mother and sister, about which her mother and sister testified at trial. The day following Davis's death, Tina stopped by her mother's home while her mother, Diane McGarey, was on the phone with Debra Christensen, Tina's sister. Tina joined the phone conversation, stated, "I think I shot that lady that died yesterday," and explained she had been in the Blazer with Flores and another man. Weeks later, Tina asked Debra to lie, or to find a way not to testify about Tina's earlier statement, saying "if the truth came out that David would go to jail for a long time" and "just David" was in the Blazer. Flores's counsel filed a motion to exclude these statements before trial, but the state district court denied the motion, stating Flores "shall be required to raise appropriate objection at trial." The state district court found that the statements to Diane and Debra were not hearsay, or, in the alternative, were admissible under the state of mind or statement against interests exceptions to the hearsay rule. Tina's request that Debra lie showed Tina's motive

and plan. The court further found the statements were sufficiently reliable. Tina, Diane, and Debra each testified at trial. Diane and Debra testified that Tina made the challenged statements to them. Flores did not object at trial. Tina testified and admitted telling her mother and sister she had fired the shots that killed Davis. She did not recall making other statements to her mother or sister. Tina was not asked about the "David would go to jail" comment.

Flores's assertion that admitting Tina's statements through Diane and Debra deprived him of his Sixth Amendment right to confront the witnesses against him is without merit. Tina answered questions about these statements, admitting the first statement, and stating she did not recall the other statements. Further, Flores did not ask Tina about one of the challenged statements. Because Tina was present at trial and subject to unrestricted cross-examination "'the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements'" of the Confrontation Clause. McReynolds v. Kemna, 208 F.3d 721, 723 (8th Cir. 2000) (quoting United States v. Owens, 484 U.S. 554, 560 (1988)).

Likewise, we reject Flores's assertion that admitting these statements violated his right to due process. Admissibility of the statements is a question of Iowa law, and the Iowa Court of Appeals ruled the statements were admissible as nonhearsay. Because Tina testified, her inconsistent statements are relevant to her credibility as a witness, and the request that Debra lie shows Tina's state of mind. A state court's ruling warrants habeas relief under the Due Process Clause only when error was so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process. Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998). Even if the statements should have been excluded, their admission does not rise to the level of a Constitutional violation. Id.

We reject Flores's ineffective assistance of counsel claim.  To succeed, Flores must show his trial counsel's performance was deficient, falling outside the wide range of reasonable professional conduct, and the deficient performance harmed him. Mansfield v. Dormire, 202 F.3d 1018, 1022 (8th Cir. 2000), cert. denied, 531 U.S. 1154 (2001).  Although in ideal circumstances, Flores's attorney would have renewed the objection to the challenged statements at trial, his failure to do so did not prejudice Flores.  The challenged statements were admissible as nonhearsay.

We also reject Flores's challenge to the sufficiency of the evidence.  This is a close case and the evidence against Flores is circumstantial.  We do not substitute our judgement for that of the jury, however.  Instead, we must decide whether viewing the evidence in the light most favorable to the verdict, there was sufficient evidence for a reasonable jury to find Flores guilty beyond a reasonable doubt.  Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000).  Here, multiple eye-witnesses observed a distinctive black Blazer similar to the black Blazer Flores drove at the location of the shooting.  Spent bullets matching those found at the crime scene were found in Flores's home.  And Flores had a motive for the shooting – seeking "street justice" for the murder of his friend.  We cannot say that the Iowa Court of Appeals unreasonably concluded that a reasonable jury could have found Flores guilty.  We agree with the state court that there is sufficient evidence to support the jury's guilty verdict.

Accordingly, we affirm the district court's denial of habeas relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-