# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1595

_____

Kenny, sued as Kenny Wade Rucker,     *
                                                *

Appellant,        *

                                                *   Appeal from the United States

v.           *   District Court for the

                                                  *   District of Minnesota.

United States of America,     *

                                                *       [UNPUBLISHED]

Appellee.       *

_____

Submitted:  March 2, 2004

Filed:  March 5, 2004

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After we affirmed Kenny Wade Rucker's guilty plea and sentence for a drug trafficking offense, <u>see</u> <u>United States v. Rucker</u>, No. 98-2834, 1999 WL 627576, at *1 (8th Cir. Aug. 16, 1999) (unpublished per curiam), Mr. Rucker brought this 28 U.S.C. § 2255 proceeding. The district court[1] denied relief without an evidentiary hearing, but granted Mr. Rucker a certificate of appealability on the issue whether

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

trial counsel was ineffective for failing to object to Mr. Rucker's sentence being based on crack cocaine.

After careful de novo review, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U. S. 885 (1995), we conclude the denial of relief was proper. See Strickland v. Washington, 466 U.S. 668, 693 (1984) (defendant must show both that his attorney's performance fell below objective standard of reasonableness and that he was prejudiced by deficient performance); cf. Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir.) (counsel not ineffective in failing to require government to prove controlled substance was crack cocaine where defendant repeatedly admitted in both his plea agreement and plea hearing that he was in possession of crack cocaine, and that government could prove substance was crack, particularly where counsel knew of defendant's history of using and selling crack), cert. denied, 529 U.S. 1082 (2000).

Accordingly, we affirm.

_____