# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4178

_____

Anthony McReynolds,           *
                                        *

         Appellant,         *
                                        *   Appeal from the United States
        v.                  *   District Court for the
                                        *   Western District of Missouri.

Mike Kemna,               *
                                        *

         Appellee.          *

_____

Submitted: January 13, 2000

Filed: March 31, 2000

_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Anthony McReynolds appeals from the district court's[1] denial of his application
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleged a

---

[1]The Honorable Dean Whipple, United States District Judge for the Western
District of Missouri.

violation of the Confrontation Clause and related ineffective assistance of counsel claims.[2]  We affirm.

## I.

In November of 1986, a jury convicted McReynolds of first-degree murder and armed criminal action for a fatal shooting that occurred in the afternoon of January 24, 1986, in Kansas City, Missouri.  He was sentenced to two consecutive terms of life imprisonment, and his convictions were affirmed on appeal.  See State v. McReynolds, 749 S.W.2d 1 (Mo. Ct. App. 1988) (per curiam).

Ronald Clark, an acquaintance of McReynolds, testified for the State at McReynolds's trial.  Clark described how on January 24, 1986, he, McReynolds, and several other persons had congregated near a store called The Corner Stop and were drinking wine.  David Young, the victim, was also nearby but then walked a short distance north to speak to a friend.  While Young conversed, McReynolds left The Corner Stop area, but shortly returned and, after arguing with Clark about a $2.00 debt, started to walk away again.  Clark testified that he went into the store as McReynolds departed and did not see the events that subsequently occurred, which, according to other witnesses, involved McReynolds's crossing the street and shooting Young.

The State then offered as substantive evidence pursuant to section 491.074 of the Missouri Revised Statutes a prior inconsistent statement consisting of a several-page document that Clark signed at the police station approximately three days after the murder.  Clark denied making the statement, saying that he signed only a single-page document, and that only because police officers told him that if he did not sign he would be put in jail and lose his job.  He further testified that he did not think that the

---

[2]We have considered and now reject the State's contention that McReynolds's notice of appeal is defective.

signature on the last two pages of the document was his, although he also conceded that the signature could have been his own.

According to Clark's prior statement, when McReynolds left the area for the first time he stated to Clark that Young and his acquaintance "better not be here when he [McReynolds] got back." When McReynolds returned, Young and his friend were still there. McReynolds then stated to Clark, "Fuck it, man, I am going to do it," crossed the street, and shot Young. The prosecutor used these comments to support what was otherwise circumstantial evidence of the deliberation necessary for a conviction of first-degree murder.

McReynolds contends that the admission of Clark's prior statement violated his rights under the Confrontation Clause of the Sixth Amendment because Clark denied making it, rendering cross-examination useless. He also claims that his defense counsel, who objected on state evidence law grounds to the admission of the statement, was ineffective for failing to raise the Sixth Amendment objection and for failing to urge that claim in a motion for new trial.

## II.

We may grant a writ of habeas corpus pursuant to section 2254 "only if the state court's adjudication of the claims 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,'" Lingle v. Iowa, 195 F.3d 1023, 1025 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1) (1999)), or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2) (1999).

An ineffective assistance of counsel claim is a mixed question of law and fact. See Parkus v. Bowersox, 157 F.3d 1136, 1138 (8th Cir. 1998). We review the district

court's findings of fact for clear error and its conclusions of law de novo. See Richardson v. Bowersox, 188 F.3d 973, 977 (8th Cir. 1999). To prevail on his ineffective assistance of counsel claim, McReynolds must show that counsel's performance was deficient and that he was prejudiced by that deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "Counsel's performance was deficient if it fell 'outside the wide range of professionally competent assistance.'" Sherron v. Norris, 69 F.3d 285, 290 (8th Cir. 1995) (quoting Strickland, 466 U.S. at 690).

In addressing McReynolds's contention that he was denied the effective assistance of counsel because his defense counsel did not raise a Confrontation Clause claim, the Missouri Court of Appeals found that McReynolds's counsel was not ineffective "for failing to make non-meritorious objections or for failing to preserve a non-meritorious claim in the motion for new trial." McReynolds v. State, No. WD-45232 (Mo. Ct. App. Sept. 8, 1992).

Because McReynolds's appeal does not present a pure question of law and because current Supreme Court precedent cannot be applied mechanically to require a particular result in this case, the state court's decision was not "contrary to" established Supreme Court precedent and we turn to the unreasonable application test. See Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999). An unreasonable application of law occurs when "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Richardson, 188 F.3d at 978 (quoting Long, 184 F.3d at 760). McReynolds must thus convince us that the Missouri Court of Appeals's determination that his Confrontation Clause argument was without merit, and that therefore his ineffective assistance claim fails, was an "unreasonable application" of federal law. This he has not done. To the contrary, we believe that under Supreme Court precedent the Missouri court's determination that such a claim had little merit

was a correct legal conclusion and that counsel's failure to urge a Confrontation Clause violation did not constitute ineffective assistance.

In United States v. Owens, 484 U.S. 554, 556 (1988), the Supreme Court was presented with a situation in which a trial witness, who had suffered a brain injury, forgot the basis for his previous out-of-court identification of the defendant. The Court pointed out that the Confrontation Clause, which guarantees the right of an accused to be confronted with the witnesses against him, has "long been read as securing an adequate opportunity to cross-examine adverse witnesses." Id. at 557. Nevertheless, the Court held that there had been no constitutional violation, noting that the "Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Id. at 559 (quoting Kentucky v. Stincer, 482 U.S. 730, 739 (1987)). The Court further observed that when a hearsay declarant is present at trial and subject to unrestricted cross-examination, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." Id. at 560.

McReynolds has not shown that these traditional protections failed to protect his constitutional rights. The jury was able to observe Clark, and McReynolds was able to cross-examine him about the making of the statement. Indeed, defense counsel successfully elicited information about the coercion Clark had felt and his sobriety levels on the day of the murder and the day the statement was made. Counsel also inquired into specific and potentially helpful details of the observations recorded in the statement.

In a situation factually similar to McReynolds's, a trial court admitted prior inconsistent statements given to FBI agents by a witness who, in court, claimed to have no recall of some portions of his statements and to have fabricated other portions because one of the agents had been "scaring" him and the witness had wanted to "get

[the agent] off of [his] back." See United States v. Valdez-Soto, 31 F.3d 1467, 1470 & n.3 (9th Cir. 1994). The Ninth Circuit, citing Owens, found no violation of the Confrontation Clause in the admission of the prior statements, holding that "[w]e are aware of no Supreme Court case, or any other case, which holds that introduction of hearsay evidence can violate the Confrontation Clause where the putative declarant is in court, and the defendants are able to cross-examine him." Id. at 1470. We conclude that McReynolds's claim similarly fails for lack of supportive case law.

McReynolds's counsel did not act outside the spectrum of professionally reasonable performance in failing to urge a Confrontation Clause claim unlikely to succeed. Accordingly, because the Missouri court's application of federal law did not result in a decision that is objectively unreasonable, McReynolds's claim for habeas relief must be denied.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.