# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1599

_____

| | | |
|---|---|---|
| Randall Eugene Ferguson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James Bruton, Warden; Oak Park | * | |
| Heights; Hubert H. Humphrey, III, | * | [PUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: May 23, 2000
Filed: July 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Randall Ferguson appeals the district court's[1] dismissal with prejudice of his 28 U.S.C. § 2254 petition. For the reasons discussed below, we affirm.

After discharging his public defender, Ferguson proceeded pro se with standby counsel at trial. The jury found him guilty of second-degree assault, in violation of

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

Minn. Stat. § 609.222 (1995); third-degree assault, in violation of Minn. Stat. § 609.223 (1995); kidnaping, in violation of Minn. Stat. § 609.25 (1995); and terroristic threats, in violation of Minn. Stat. § 609.713 (1995). Ferguson was sentenced to sixty-eight months imprisonment. He raised two issues on appeal: his waiver of counsel was invalid, and an element of the kidnaping offense--release of the victim in a safe place--had not been submitted to the jury. The Minnesota Court of Appeals and the Minnesota Supreme Court rejected Ferguson's arguments.

He then presented these arguments in his section 2254 petition before the district court, which also rejected them, and he renews them in this appeal. We conclude that the Minnesota courts' adjudication of Ferguson's claims was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, and was not an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See McReynolds v. Kemna, 208 F.3d 721, 722-23 (8th Cir. 2000) (standard of review).

First, although a defendant who seeks to discharge his counsel and proceed pro se "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open,'" see Faretta v. California, 422 U.S. 806, 835 (1975) (quoted source omitted), "a specific warning on the record of the dangers and disadvantages of self-representation is not an absolute necessity in every case if the record shows that the defendant had this required knowledge from other sources," Meyer v. Sargent, 854 F.2d 1110, 1114 (8th Cir. 1988). The entire record is reviewed "to determine whether the accused was made sufficiently aware of his right to have counsel and of the possible consequences of a decision to forgo the aid of counsel," given "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused," with "the fundamental fairness of the proceeding whose result is being challenged" being "the ultimate focus of inquiry." See id. (quoted sources and internal marks omitted).

In cases such as this one, where the trial court did not adequately caution the defendant about the perils of self-representation, we have looked to the defendant's past contacts with the criminal justice system and his performance at the proceeding at which he represented himself. Applying this approach here, the record reveals that Ferguson was active and articulate at trial, raising detailed objections and extensively examining witnesses, and that he had the assistance of standby counsel. Also, Ferguson had a criminal record and had displayed some savvy about the functioning of the criminal justice system: when asked in a police interview why he had fled the scene of the crime, he explained that "he'd be a three time loser and [would be] looking at life in prison." (Trial Tr. at 904.) We are therefore satisfied that his waiver of counsel was valid. Cf. United States v. Day, 998 F.2d 622, 626-27 (8th Cir. 1993) (upholding validity of waiver of counsel at sentencing where defendant's criminal record showed previous contact with criminal justice system sufficient to supply general knowledge of dangers and disadvantages of self-representation, defendant's conduct while representing himself demonstrated his understanding of proceeding and its procedures, and defendant had standby counsel), cert. denied, 511 U.S. 1130 (1994).

Second, although the Sixth Amendment requires that the jury find the defendant guilty beyond a reasonable doubt of every element of the crime charged, see Johns v. Bowersox, 203 F.3d 538, 543 (8th Cir. 2000), a jury instruction that does not require the jury to find an element of the offense is analyzed for harmless error, see id. at 543-44; Neder v. United States, 527 U.S. 1, 15 (1999). In this case, we conclude that the omission of the element of safe release was harmless beyond a reasonable doubt because the non-release of the victim in a safe place was uncontested and supported by overwhelming evidence, such that the jury would have reached the same verdict if properly instructed. See Neder, 527 U.S. at 17. The only trial testimony on the matter was that of the kidnaping victim and the police officer who interviewed Ferguson, and both clearly show that the victim escaped, and hence was not released in a safe place. Indeed, Ferguson did not contest this point at trial, and he personally approved the jury instruction which omitted the element of safe release.

Accordingly, we affirm the judgment of the district court.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

I respectfully dissent. I don't believe that Mr. Ferguson wanted to represent himself. He wanted a new lawyer, and one of the reasons given was conflict of interest. See Gilbert v. Lockhart, 930 F.2d 1356 (8th Cir. 1991). In addition, it has always been my understanding that a defendant who wishes to proceed pro se must be given some kind of warning of the dangers of self representation. This was not done here.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.