# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2698

_____

United States of America

*Plaintiff - Appellee*

v.

John Lee Norris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 12, 2017
Filed: June 23, 2017
[Unpublished]

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

John Lee Norris pleaded guilty to one count of conspiracy to commit mail fraud
and wire fraud, in violation of 18 U.S.C. § 1349, and one count of mail fraud, in

violation of 18 U.S.C. § 1341. The district court[1] sentenced Norris to 108 months' imprisonment and some $1 million in restitution. After the sentence was vacated on appeal, the district court resentenced Norris, imposing the same sentence and essentially the same amount in restitution. Norris appeals, arguing that the district court deprived him of his Sixth Amendment right to counsel at the resentencing hearing by failing to ensure that his waiver of the right to counsel at the resentencing hearing was valid. We affirm.

## I. Background

After Norris's initial appearance, the magistrate judge appointed counsel to represent him, including assistant federal defender Anita Burns, who was to represent Norris at trial. During a March 11, 2014, pretrial conference, Norris indicated that he wished to proceed *pro se*. The magistrate judge warned him that doing so might disadvantage him:

> [B]efore the Court can allow you to go *pro se* we're going to have to make a lot of inquiry, and I'm going to want you to think about it. Because if you go *pro se*, the Court can't tell you what to do. And if you don't have any legal training, if you aren't familiar with the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, you are going to be at a distinct disadvantage when you go to trial. The fact that you represent yourself isn't going to keep the District Judge who tries the case from enforcing those particular rules. So, even if you have evidence that might be relevant and admissible, if you don't know under the federal rules how to present it and how to get it in, it's not going to come in in your case. And I can just assure you this[,] that if you do represent yourself and, you know, don't follow the rules, you're not going to have a very good shot if there is an adverse result and you want to take an appeal. Because if you haven't preserved your evidence or

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western and Eastern Districts of Missouri.

presented it correctly, then you're also going to have difficulty with any kind of appeal, whether or not you're represented by counsel at that time.

. . . .

So, I'm going to want to make extensive inquiry and to, you know, really encourage you to think about it.

After Norris repeated that he wanted to proceed *pro se*, the magistrate judge inquired into his level of education, including whether he had studied law; whether he had previously represented himself in a criminal matter; whether he understood the penalties he faced if convicted; whether he was familiar with the United States Sentencing Guidelines (Guidelines); whether he was familiar with the Federal Rules of Evidence and Criminal Procedure; whether he understood that he would be bound by those rules at trial and would have to make proper objections to preserve issues for appeal; and whether he understood that the rules would not be relaxed for him and that the court could not offer him legal advice. The magistrate judge advised Norris that proceeding *pro se* would put him at a "significant disadvantage" and would be "very unwise" because he lacked a lawyer's training and knowledge of criminal procedure. After Norris indicated that he understood these warnings and that his choice to proceed *pro se* was voluntary, the magistrate judge allowed him to proceed *pro se*, with Burns serving as standby counsel.

At a May 28, 2014, hearing before the district court, Norris pleaded guilty as described above. Before accepting his plea, the court confirmed that Norris understood his right to counsel, referring to the magistrate judge's earlier warning. Norris explained his choice to proceed *pro se*:

[W]hen I look at it we have the federal government that has the attorneys that represent us, while the federal government is actually persecuting [sic] us at the same time. And I don't see exactly how that

is fair. . . . My thing that I looked at was if the situation took place on one side, even changing out representation or otherwise, the same format I did not believe would make a difference.

Pursuant to his plea agreement, Norris waived his right to appeal his sentence except on claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence.

Burns represented Norris on his first appeal, during which Norris argued that the government had breached the plea agreement by suggesting that an upward departure from the Guidelines range "would be very appropriate" and opposing an offense-level reduction for acceptance of responsibility. The government did not concede that it had breached the agreement, but nonetheless moved to vacate the sentence and remand for resentencing to cure "any breach of the plea agreement that occurred." This court granted the government's motion.

Prior to resentencing, Norris filed a *pro se* motion requesting the appointment of counsel. At the resentencing hearing, Norris clarified that he wanted the court to appoint an attorney other than Burns to represent him. He stated that Burns was "compromised" and had a "dual agenda," again suggesting that an attorney who was paid by the federal government, and who had taken an oath to uphold the federal Constitution upon registration with the bar association, could not adequately represent him. Norris agreed with the court's characterization of his argument as, "it doesn't matter who would be appointed as counsel, . . . it is stacked against [him]" because counsel would be "paid by the very people that are prosecuting [him]." The court denied the motion, noting that Norris understood "the disadvantages that occur when one represents themself." The court reminded Norris of some of the dangers of proceeding *pro se*:

> You were told of your right and what you can do by Judge Hays. That if you represent yourself, we have a saying, you have a fool for an

attorney. You don't know procedures. At the time you didn't know the rules of evidence or . . . procedure as it related to the trial or trial strategy or rules of court. Those are the things that [disadvantage you]. Notwithstanding that, you chose to go pro se.

Norris proceeded *pro se* and was resentenced as set forth above.

## II. Discussion

The Sixth Amendment provides a criminal defendant both the right to counsel and the right to self-representation. Faretta v. California, 422 U.S. 806, 807 (1975). "The Sixth Amendment protects a defendant's right to counsel at all critical stages in the criminal justice process." Fiorito v. United States, 821 F.3d 999, 1003 (8th Cir. 2016) (internal quotation marks omitted) (quoting Maine v. Moulton, 474 U.S. 159, 170 (1985)), pet. for cert. filed, (U.S. Dec. 8, 2016) (No. 16-8545). "If the defendant waives the right to counsel, the waiver must be voluntary, intelligent, and knowing." United States v. Armstrong, 554 F.3d 1159, 1165 (8th Cir. 2009). "This standard is met if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages." Id. "When analyzing the entire record for a valid waiver, we look to 'the background, experience, and conduct of the accused . . . [including] the defendant's past contacts with the criminal justice system and his performance at the proceeding at which he represented himself.'" Id. (alterations in Armstrong) (quoting Ferguson v. Bruton, 217 F.3d 983, 985 (8th Cir. 2000) (per curiam)). "We review de novo a district court's decision to allow a defendant to proceed pro se." United States v. Miller, 728 F.3d 768, 773 (8th Cir. 2013).[2]

---

[2]The government argues that our review is for plain error because Norris did not object to the denial of his motion for appointment of counsel. Norris argues that plain error review should not apply. Because we would uphold the judgment even under *de novo* review, we need not decide this question.

Norris argues that the district court deprived him of his right to counsel because it did not conduct a renewed <u>Faretta</u> inquiry during the resentencing hearing. He does not challenge the sufficiency of the initial <u>Faretta</u> warning during the pretrial conference, but argues that a new inquiry was required in light of changed circumstances—namely, that Norris had been represented by counsel on appeal and that he requested new counsel prior to resentencing. See <u>United States v. Hantzis</u>, 625 F.3d 575, 580-81 (9th Cir. 2010) ("A properly conducted <u>Faretta</u> colloquy need not be renewed in subsequent proceedings unless intervening events substantially change the circumstances existing at the time of the initial colloquy.").

We conclude that Norris voluntarily waived his right to counsel at his resentencing when he decided to proceed *pro se* after the district court denied his request for an attorney not paid by the federal government and possibly not belonging to any bar association. See <u>United States v. Washington</u>, 596 F.3d 926, 938 (8th Cir. 2010) ("[W]hile the 'Hobson's choice' between proceeding to trial with an unprepared counsel or no counsel at all may violate the right to counsel, there is no constitutional difficulty where the defendant is provided the real alternative of choosing between adequate representation and self-representation." (quoting <u>United States v. Ladoucer</u>, 573 F.3d 628, 634 (8th Cir. 2009))); <u>see also</u> <u>United States v. Conklin</u>, 835 F.3d 800, 804-05 (8th Cir. 2016) (citing <u>United States v. Sanchez-Garcia</u>, 685 F.3d 745, 750-52 (8th Cir. 2012)) (holding that defendant's refusal to choose between court-appointed counsel and self-representation constituted a choice to proceed *pro se*).

The district court adequately warned Norris about the dangers of self-representation, thereby ensuring that the waiver of his right to counsel was knowing and intelligent. The initial <u>Faretta</u> colloquy was thorough. The district court again warned Norris during his change of plea hearing. Thereafter, during the resentencing hearing, the district court reiterated that Norris's lack of knowledge of procedural and evidentiary rules would place him at a disadvantage if he decided to proceed *pro se*.

When the court's warning during the resentencing hearing is considered in light of the earlier warnings given to Norris, it is clear that Norris understood that he had a right to counsel and that he would be disadvantaged if he proceeded *pro se*. See United States v. Vann, 776 F.3d 746, 764 (10th Cir. 2015) (holding that a brief warning about self-representation prior to sentencing was sufficient in light of a thorough colloquy prior to trial three months earlier); Miller, 728 F.3d at 773 (holding that the district court did not err in not conducting a third Faretta hearing); United States v. McBride, 362 F.3d 360, 366-68 (6th Cir. 2004) (holding that the district court committed no plain error in not performing a second colloquy at sentencing where defendant waived the right to counsel at trial and forbade standby counsel from speaking on his behalf at sentencing). That Norris requested a different counsel and that he had been represented by counsel on appeal did not indicate that he no longer understood his right to counsel and the disadvantages of self-representation. See Hantzis, 625 F.3d at 581 ("The essential inquiry is whether circumstances have sufficiently changed since the date of the Faretta inquiry that the defendant can no longer be considered to have knowingly and intelligently waived the right to counsel.").

Citing United States v. Proctor, 166 F.3d 396 (1st Cir. 1999), Norris argues that his request for counsel "re-introduced doubt into the Sixth Amendment calculus, obligating further inquiry." Appellant's Br. 22 (quoting Proctor, 166 F.3d at 405). In Proctor, however, the scope of the defendant's request for counsel was unclear. Here, the scope of Norris's request for the appointment of counsel was clear—new counsel that, at a minimum, would not be paid by the federal government—and thus did not require further inquiry by the district court.

In light of Norris's valid waiver of his right to counsel, we need not consider whether the plea agreement appeal waiver prohibited an appeal on Sixth Amendment grounds. We find no merit in the arguments raised in Norris's supplemental *pro se* brief.

The judgment is affirmed.

_____